IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **IESHA SIMPSON and LATONIA WILSON,** | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | **Civil Action No. 3:26-CV-146-L-BT** |
| **CLAY COOLEY NISSAN OF DALLAS, LLC and VEROS CREDIT, LLC,** | § § § | |
| Defendants. | § § | |

## <u>ORDER</u>

On February 11, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 7) was entered, recommending that the court **dismiss without prejudice** this action. The magistrate judge determined that if Plaintiffs Iesha Simpson and LaTonia Wilson ("Plaintiffs") did not "(1) file a properly signed amended complaint; and (2) either pay the filing fee or file separate IFP motions that answer all of the Court's questions within the time to file objections to this recommendation (explained below), or by some other deadline established by the Court, the Court should dismiss his case without prejudice under Fed. R. Civ. P. 41(b) for want of prosecution and for failure to follow Court orders." Report at 3. No objections to the Report have been filed, and the 14-day period to object after service of the Report has passed. *See* Fed. R. Civ. P. 72(b)(1)(2); 28 U.S.C. § 636(b)(1)(C).

Magistrate Judge Rebecca Rutherford noted that, Plaintiffs "(i) did not sign their complaint as required by Rule 11 of the Federal Rules of Civil Procedure; and (ii) submitted an incomplete request to proceed in forma pauperis ("IFP")." *Id.* at 1.　The court issued an order and notice of deficiency ("NOD") on January 20, 2026 "ordering Plaintiffs to (i) file a properly signed amended

**Order – Page 1**

complaint; and (ii) either pay the filing fee or file separate IFP motions that answer all the Court's questions by February 9, 2026." *Id.* In the NOD, the court warned Plaintiffs that their failure to comply with the order could result in a dismissal under Federal Rule of Civil Procedure 41(b). *Id.* at 1-2. Magistrate Judge Rutherford found that Plaintiffs have not complied with the court's order, indicating an "unwillingness or inability to prosecute this action and comply with the federal rules and court orders." *Id.* at 2. Therefore, she found that this action should be dismissed without prejudice unless Plaintiffs "(1) file a properly signed amended complaint; and (2) either pay the filing fee or file separate IFP motions that answer all of the Court's questions within the time to file objections to this recommendation (explained below), or by some other deadline established by the Court." Report at 3.

After considering the pleadings, file, record, Report, and applicable law, the court **determines** that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court **dismisses without prejudice** this action under Federal Rule of Civil Procedure 41(b) for want of prosecution and for failure to follow court orders. The court **directs** the clerk of court to close this action. As the courts has dismissed this action without prejudice, it **denies as moot** Plaintiffs' Motion to Proceed in Forma Pauperis (Doc. 4) and Plaintiffs' Emergency Motion for Temporary Restraining Order (Doc. 5).

**It is so ordered** this 30th day of April, 2026.

Sam A. Lindsay
United States District Judge

Order – Page 2